UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICIA RUSSO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-00378 (VLB) |
| STAFFORD BOARD OF EDUCATION | : | |
| ET AL., | : | |
|     Defendants. | : | December 5, 2008 |

## MEMORANDUM OF DECISION DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. #40]

Before the Court is a motion for summary judgment filed by the defendants, the Stafford Board of Education ("board"), Superintendent of Schools Therese Fishman, and Selectman Gordon Frassinelli Jr., in this action filed by the plaintiff, Patricia Russo. Russo claims that the defendants violated 42 U.S.C. § 1983 by retaliating against her for exercising her First Amendment right to free speech. The defendants move for summary judgment on the grounds that (1) Russo has failed to set forth a prima facie case and (2) Fishman and Frassinelli are entitled to qualified immunity. For the reasons given below, the defendants' motion for summary judgment [Doc. #40] is DENIED.

The following facts are relevant to the defendants' motion. In 2000, Russo was hired by Laidlaw Education Services ("Laidlaw") as a school bus driver in Stafford, where she lives. Laidlaw provides school bus service in Stafford pursuant to a contract with the board. The contract provides that Laidlaw must remove a school bus driver from working in Stafford if the board determines that

the driver is unsatisfactory. On November 18, 2005, the board ordered Laidlaw to remove Russo on the basis of two alleged incidents.

The first incident involved Russo's suspicion that mold was present inside West Stafford School, which two of her children attended. Russo contacted Fishman and Frassinelli about the issue but felt that they were not sufficiently responsive to her concerns. She also contacted other school and town officials, spoke at the board's public meetings, and wrote letters to the editor. On March 6, 2005, a teacher at West Stafford reported that Russo was handing out an article about mold while she was with her school bus on the school's property. Russo denied handing out the article while she was working, although she admitted giving the teacher the article when she visited the teacher's home.

The second incident involved a comment that Russo allegedly made to three elementary school children who were alighting from her bus in early November 2005, shortly before election day. When Russo saw a lawn sign encouraging people to vote for Frassinelli and his running mate, she called them "liars and thieves," upsetting the children. A parent reported the incident to Frassinelli, who then informed school officials. Russo, who was actively campaigning for Frassinelli's opponent, denied making the comment, but Laidlaw suspended her with pay while investigating the incident. Although Laidlaw returned Russo to work after the election, the board ultimately decided to remove her and suggested to Laidlaw that she be reassigned to drive a school bus in a neighboring town. Russo declined to be reassigned.

Thereafter, Russo filed the present case, claiming that the board did not have a legitimate reason to remove her from her job. Russo argues that the incidents involving the article about mold and the comment made to the children constitute pretext. She argues that she was removed because of her public statements about mold and her active campaigning against Frassinelli. Russo alleges that while she was campaigning outside town hall, Frassinelli slowly drove past her, smirked or smiled, winked, honked his horn, and gestured as if he was shooting a gun at her. Russo also alleges that the board was displeased about comments she made at her party's headquarters on election night 2005, after she was suspended with pay. At the headquarters, Russo stated that she believed the board was attempting to remove her from her job because of her political views. Russo argues that as a result of her removal, her First Amendment right to free speech has been chilled such that she is no longer "outspoken and boisterous" but instead is "reserved and private."

The defendants now seek summary judgment on the grounds that (1) Russo has not established a prima facie case of First Amendment retaliation and (2) Fishman and Frassinelli are entitled to qualified immunity. Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor."

3

Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski, 396 F.3d at 69. "[T]he burden on the moving party may be discharged by 'showing'—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002). "If the party moving for summary judgment demonstrates the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor." Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002).

The defendants first argue that Russo has not established a prima facie case. "To establish a prima facie case of First Amendment retaliation, a plaintiff must establish (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action. . . . Regardless of the presence of retaliatory motive, however, a defendant may be entitled to summary judgment if he can show dual motivation, i.e., that even without the improper motivation the alleged retaliatory action would have occurred." Scott v. Coughlin, 344 F.3d 282, 287-88 (2d Cir. 2003). The United

**4**

States Court of Appeals for the Second Circuit has sometimes stated the elements of the prima facie case differently, merging the second and third elements given above and adding the element of a chilling effect on the plaintiff's exercise of First Amendment rights. See Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001) ("To prevail on this free speech claim, plaintiff must prove: (1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right.").

Regardless of which of those statements of the elements is applied, the Court concludes that Russo has set forth a prima facie case. The parties do not dispute that Russo engaged in protected speech, namely, her public statements about mold and her active campaigning against Frassinelli, and that the defendants took adverse action against her by ordering Laidlaw to remove her from her job. As to the existence of a causal connection or motivation, Russo has discovered sufficient evidence to permit a reasonable jury to find that the defendants removed her from her job because of her protected speech. The defendants removed her less than two weeks after the election in which she campaigned against Frassinelli, and a basis for her removal was Frassinelli's report of her alleged "liars and thieves" comment to children on her school bus. Whether Russo made that comment, or whether the defendants fabricated it, is a question of fact for the jury. "Resolutions of credibility conflicts and choices

between conflicting versions of the facts are matters for the jury, not for the court on summary judgment." McClellan v. Smith, 439 F.3d 137, 148 (2d Cir. 2006) (quoting United States v. Rem, 38 F.3d 634, 644 (2d Cir. 1994)). As to the final element of a chilling effect, whether Russo is now actually "reserved and private" as opposed to "outspoken and boisterous" depends largely on her credibility. A reasonable jury could find that Russo has curtailed her speech as a result of the defendants' conduct.

Fishman and Frassinelli also argue that they are entitled to qualified immunity. "[Q]ualified immunity . . . shields a government official acting in an official capacity from suit for damages under § 1983 unless the official violated clearly established rights of which an objectively reasonable official would have known." Blouin ex rel. Estate of Pouliot v. Spitzer, 356 F.3d 348, 358 (2d Cir. 2004). "This is a doctrine that seeks to balance the twin facts that civil actions for damages may offer the only realistic avenue for vindication of constitutional guarantees, and that such suits nevertheless can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties. . . .

"The Supreme Court has established a two-part inquiry to determine when a district court should hold that the doctrine of qualified immunity bars a suit against government officials: (1) the court must first consider whether the facts alleged, when taken in the light most favorable to the party asserting the injury, demonstrate a violation of a constitutional right, Saucier v. Katz, 533 U.S. 194,

201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001); and (2) the court must then consider whether the officials' actions violated 'clearly established statutory or constitutional rights of which a reasonable person would have known,' Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002)." Jones v. Parmley, 465 F.3d 46, 55 (2d Cir. 2006).

In the present case, the Court concludes that Fishman and Frassinelli are not entitled to qualified immunity. First, Russo has sufficiently demonstrated a violation of her First Amendment right to free speech. She has set forth sufficient facts to enable a reasonable jury to find that Fishman and Frassinelli, in concert with the board, removed her from her job on account of her protected activity, namely, her public statements about mold and her active campaigning against Frassinelli. Russo engaged in that protected activity outside of work, and the activity was unrelated to her job. Her right to make those statements is clearly established, and a reasonable person would have known of that right. Accordingly, the defense of qualified immunity is not available to Fishman and Frassinelli.

The defendants' motion for summary judgment [Doc. #40] is DENIED.

                                        IT IS SO ORDERED.

                                        /s/
                                    Vanessa L. Bryant
                                    United States District Judge

Dated at Hartford, Connecticut: December 5, 2008.